UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOLL JM EB RESIDENTIAL URBAN RENEWAL LLC, *Plaintiff*, v. TOCCI RESIDENTIAL, LLC, *Defendant.* | Civil Action No: 16-cv-05422(PGS)(TJB) **MEMORANDUM AND ORDER** |

This matter is before the Court on a motion for summary judgment (ECF No. 174) against C&S Foundation, Inc. ("C&S") and Metrocorp Plumbing, Inc. ("Metrocorp") for their alleged failure to serve a timely affidavit of merit ("AOM") on French & Parella Associates ("Engineer" or "FPA"). The Court has jurisdiction pursuant to 28 U.S.C. § 1332. The Court heard oral argument on December 7, 2020. For the reasons set forth herein, the motion is denied.

I.

This matter arises out of numerous construction claims brought by a developer, Plaintiff Toll JM EB Residential Urban Renewal, LLC ("Developer"), with regard to the construction of a luxury rental apartment complex in East Brunswick, New Jersey ("Project").

Developer filed a Complaint against the construction manager on the Project, Tocci Residential, LLC ("Manager") alleging, inter alia, that the Manager breached its Construction Management Agreement ("CMA") through its alleged failure to properly manage the construction work resulting in project delays and various issues of defective workmanship.

The Manager answered and subsequently filed a Third-Party Complaint against Metrocorp and C&S for breach of contract, contribution and indemnification. Specifically, the Manager claims that Metrocorp failed "to install all the required perimeter drains" and

"settlement" occurred as a result of such defects; and C&S improperly installed concrete "slab settlement" and incorrectly installed wire mesh in the concrete slabs. Metrocorp and C&S answered and filed Fourth-Party Complaints naming the Engineer. Metrocorp's claims against the Engineer included counts for negligence (Sixth Count) contribution (Seventh Count) and indemnification (Eighth Count). C&S sought similar relief. The allegations of Metrocorp and C&S describe a cause of action based on the Engineer's professional negligence. For example, C&S alleges in part that: "[U]pon information and belief any defects alleged by [the Developer] as to concrete foundation work performed by C&S were the result of the designs, specifications, supervision, and/or approval of the [Engineer] as to C&S's work." (C&S Fourth-Party Compl. ¶ 26.)

Moreover, the allegations further that the Developer hired the Engineer to perform "design" services for the Project, including a subsurface exploration program, and development of geotechnical recommendations for appropriate foundation systems along with recommendations for preparing the subgrade of slabs and pavements. This included the preparation of slab subgrades; and during construction, review and approval of the compacted aggregate pier installations, site preparation, earthwork, and lab testing. (FPA Statement of Material Facts ¶¶ 10-11; C&S Opp'n Br. Ex. 27, Second Interrog. No. 1). In addition, the Developer retained the Engineer to provide other services during the construction phase of the Project which included technical observation of the installation of proposed compacted aggregate piers, technical observation of site preparation and earthwork, and laboratory testing, and lastly, the Engineer's scope of work included inspecting and testing C&S's work, such as inspecting and testing any soils compacted by C&S (including any backfilled soils), concrete testing, and

inspecting rebar placement and wire mesh. (C&S Opp'n Br. Ex. 14, Eric Cohen Dep. 28:5-10; 29:2-3; 29:11-30; and 30:14-31:2.)

In short, the Fourth-Party Complaint seeks contribution and indemnification, but the underlying the claims are allegations of malpractice. Especially when C&S and Metrocorp allege if any poor workmanship on their part is shown, it is wholly or partially the liability (contribution and indemnification) of the Engineer due to its failure to properly design the foundation or its failure to properly inspect the workmanship of Metrocorp and C&S during construction.

Prior to C&S and Metrocorp's involvement in the suit, the Developer and Manager had begun discovery and the parties exchanged nearly a million pages of documents. (C&S Statement of Material Facts in Dispute, ECF No. 180-1 ¶ 24.)

II.

Summary judgment is appropriate when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Fed. R. Civ. P. 56. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986); *United States ex rel. Greenfield v. Medco Health Sols., Inc.*, 880 F.3d 89, 93-94 (3d Cir. 2018).

As noted above, the Engineer argues that the crux of the allegations of C&S and Metrocorp's causes of action describe professional malpractice. In such an action, the Engineer argues an affidavit of Merit (AOM) must be served upon it within 120 days following the date of filing an answer. *See* N.J.S.A. 2A:53A-27. That is, a plaintiff must:

> provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.

N.J.S.A. 2A:53A-27. Since this was not done, the Fourth-Party Complaint is barred. The purposes of the AOM statute are well-established. It was enacted to require plaintiffs in malpractice cases against licensed professionals "to make a threshold showing that their claim is meritorious, in order that meritless lawsuits readily could be identified at an early stage of litigation." *Couri v. Gardner*, 173 N.J. 328, 339, 801 A.2d 1134, 1140–41 (2002) (quoting *Cornblatt v. Barow*, 153 N.J. 218, 242, 708 A.2d 401 (1998)).

This motion hinges on whether the failure to serve a timely AOM requires dismissal of the Fourth-Party Complaint. Although the statute appears to be straight forward, the application of the AOM statute is more perplexing when it is applied to causes of action for contribution and indemnification. Those derivative or pass-through claims have other statutory goals that are in conflict with the AOM statute. *Compare* the Joint Tortfeasor Contribution Act (N.J.S.A. 2A:53A-1), the Comparative Negligence Act (N.J.S.A. 2A:15-5d), and contractual and common law indemnification *with* the Affidavit of Merit statute (N.J.SA. 2A:53A-27); *Diocese of Metuchen v. Prisco & Edwards, AIA*, 864 A.2d 1168, 1171 (App. Div. 2005).

For instance, the Joint Tortfeasor Contribution Act and the Comparative Negligence Act are "to promote a fair showing of the burden of judgment by the joint tortfeasor . . . [and] to reflect a sharing of common responsibility." *Burt v. W. Jersey Health Sys.*, 339 N.J. Super. 296, 303, 771 A.2d 683, 687 (App. Div. 2001). On the other hand, the AOM statute may not result in a fair sharing of liability, but it may dismiss a claim before it accrues, even when contribution and indemnification are alleged. *See Highland Lakes Country Club & Cmty. Ass'n v. Nicastro*,

4

406 N.J. Super. 145, 153, 966 A.2d 1102 (App. Div.), *aff'd*, 201 N.J. 123, 988 A.2d 90 (2009). In interpreting statutes with conflicting purposes, one must attempt to harmonize the statutes; and a literal interpretation will be rejected if it is "inconsistent with the overall purpose of the statute." *Id.* at 152, 966 A.2d 1102. New Jersey courts, having undertaken this principle of statutory construction, have construed that the AOM statute does not extend to bar claims for contribution and indemnification for several reasons including, but not limited to:

- there is no independent claim of professional negligence, rather causes of action for contribution and indemnification rise or fall with plaintiffs' claims;

- claims for contribution and indemnification do not accrue until a judgment is entered on behalf of plaintiff. *Id.* at 153, 966 A.2d 1102;

- to require a third party to produce upfront an AOM lacks common sense because it requires a defendant to support a plaintiff's case upon a cause of action plaintiff has not alleged. *Id*.

In this case, all of the above reasons apply. C&S and Metrocorp (1) have no independent malpractice claims, but, they are seeking contribution and indemnification or a sharing of responsibility with the Engineer; (2) the claims for contribution and indemnification have not accrued, because, generally, contribution and indemnification arise after judgment has been entered; and (3) it makes no sense (in our adversarial system) for C&S and Metrocorp to produce an AOM up front to further fortify the Developer's case on a cause of action it has not pled.[1] As

---

[1] From my perspective, there is another practical reason for not applying the AOM statute. That is, a million pages of documents have been produced during discovery between Developer and Manager before the Fourth-Party Complaint was filed. It is improbable that an expert could adequately evaluate and write a comprehensive AOM based on all of those documents in such a short timeframe.

such, the AOM statute does not apply. For the reasons set forth above, the motion for summary judgment is denied.

## ORDER

This matter having come before the Court on a motion for summary judgment (ECF No. 174); and the Court having considered the submissions of the parties; and for good cause having been shown;

For the reasons set forth above,

IT IS on this 4th day of February, 2021;

ORDERED that French & Parello Associate's motion for summary judgment (ECF No. 174) is denied.

        s/*Peter G. Sheridan*
        PETER G. SHERIDAN, U.S.D.J.