UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOCCI RESIDENTIAL, LLC., : | |
| : | Civil Action No.:  3:16-cv-5422 |
| *Counterclaim Plaintiff,* : | |
| v. : | MEMORANDUM AND ORDER |
| : | |
| TOLL JM EB RESIDENTIAL URBAN : | |
| RENEWAL LLC, et al. : | |
| : | |
| *Counterclaim Defendants.* : | |

This matter is before the Court on Toll JM EB Residential Urban Renewal LLC ("Toll Renewal"), Toll Brothers, Inc., and its employee, John McCullough's motion to dismiss Counts V (fraud in the inducement) and VI (negligent misrepresentation) of the counterclaim of Tocci Residential, LLC ("Tocci Residential") for failure to state a claim. (ECF No. 201.)

I.

This is a construction dispute matter where Toll Renewal developed a 400-unit apartment complex ("Project"), and Tocci Residential was retained as the construction manager. Evidently, when construction of the Project commenced there were many delays, so Toll Renewal determined that it should fire Tocci Residential as construction manager, and also instituted this suit for damages.  In the lawsuit, Tocci Residential answered and filed counterclaims against Toll Renewal as well as other counterclaim defendants, namely Toll Brothers, Inc. and John A. McCullough. (Tocci Countercl., ECF No. 197 at 3.)

Within Counts V and VI of the counterclaim, Tocci Residential alleges that its representative (John Tocci) negotiated the terms of a Construction Management Agreement

1

("CMA") with a representative of Toll Renewal (John McCullough). McCullough was also vice president of Toll Brothers, Inc. (*Id.* ¶ 188.)

According to the Counterclaim, during the course of negotiations of the CMA, the litigious nature of Jack Morris became a concern. Morris' company was a member of Toll Renewal. As a result, the authority, involvement and scope of Morris on the Project was discussed during the negotiations.

By way of background, Toll Renewal is a limited liability company that is wholly owned by one member, Toll JM EB, LLC, (*See* Toll Renewal's Operating Agreement, ECF No. 201-3, Ex. B), which is in turn owned by two members, Toll EB, LLC and Golden Triangle Redevelopers, LLC (referred to as Edgewood). (*See* Second Amended and Restated Limited Liability Company Agreement, ECF No. 201-3, Ex. A.) Edgewood is controlled by Morris. Tocci and McCullough knew that Edgewood and Morris were litigious and confrontational, and that Morris sought a larger role in the development of the Project for other Morris-affiliated companies. (Tocci Countercl. ¶ 194.) For instance, Morris advocated for Century 21 Construction with whom Morris had a relationship, to be retained as manager rather than Tocci Residential. (*Id.* ¶ 195). As a result, McCullough and Tocci had ongoing communications about Morris' role in the Project during the negotiations of the CMA.

As negotiations commenced, Tocci and McCullough discussed and drafted clauses to diminish Morris' control in the Project. McCullough and Tocci referred to these provisions as "Jack Clauses." (*Id*. ¶¶ 201-203.) A conversation occurred on October 10, 2013, when Tocci called McCullough about Morris' involvement in the Project. (*Id.* ¶ 198). During the conversation, Tocci expressed his concern that Tocci Residential would perform all of the

upfront negotiations with sub-contractors, and then be terminated by Morris and be replaced with a company associated with Morris.  According to the Counterclaim, Tocci stated:

> Based upon what you tell me about Morris, I am very concerned that we (Tocci Residential) will do all the hard work of competitively bidding the project, negotiating advantageous subcontracts for the 15 or more trades on the project, purchase all of the products and equipment, manage and complete a complex shop drawing and submittal process and complete the difficult foundation and mobilization state of the project only to have Morris drive Tocci's termination for convenience and elect assignment of all our subs and step into Tocci's position and complete the relatively easy remainder of the project.

(*Id*. ¶ 199.)  In response, McCullough assured Tocci that such actions would not occur because Toll was a 50% owner under the operating agreement[1] which prohibited Morris from taking such unilateral action. (*Id*. ¶ 200.)

Another conversation occurred on December 19, 2013, wherein Tocci notified McCullough that there was a lack of control over Edgewood and that the CMA must address same. (*Id.* ¶ 204.)  Again, in response to this concern, McCullough "reassured John Tocci" that he and Toll Brothers would honor the CMA and would control Morris and Edgewood through its authority in the operating agreement. (*Id.* ¶ 205.)  Based on that representation, John Tocci on behalf of Tocci Residential executed the CMA. (*Id.* ¶ 206.)

As noted above, once the Project commenced, there were allegedly many delays in 2014 and 2015. (*Id.* ¶¶ 210-214).  Due to these delays, Morris flew to Massachusetts and terminated Tocci Residential, and replaced it with Sharp Management with whom Morris has a relationship. Tocci Residential avers that its termination was unilaterally carried out by Jack Morris.  (*Id.* ¶¶ 215-226.)  Thereafter, Tocci Residential alleges that McCullough stated that the decision to

---

[1] This agreement is entitled "Limited Liability Company Operating Agreement of Toll JM EB Residential Urban Renewal, LLC, dated May 20, 2013.

terminate "was neither Toll Brother's idea nor desire." (*Id.* ¶ 227). Tocci Residential alleges that McCullough's prior statements and assurances made during the negotiation of the CMA that Morris could be controlled through the provisions of the operating agreement were fraudulent. (*Id.* ¶ 275.)

II.

On a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A three-part analysis is employed to determine whether a complaint survives a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). "This means that [the] inquiry is normally divided into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 678-79; *see also Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. *See In*

4

*re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Semerenko v. Cendant Corp*., 223 F.3d 165, 173 (3d Cir.), *cert. denied*, 531 U.S. 1149 (2001).

"The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted).

In addition, Tocci Residential's counterclaim alleges fraudulent representations. As such, it must also meet the heightened standard under Federal Rule of Civil Procedure 9(b). In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. The rule "requires plaintiffs to identify the source of the alleged fraudulent misrepresentation or omission." *In Re Rockefeller Ctr. Properties, Inc. Sec. Litig*, 311 F.3d 198, 216 (3d Cir. 2002). The standard gives "defendants notice of the claims against them, provides an increased measure of protection for their reputations, and reduces the number of frivolous suits brought solely to extract settlements." *Id.* (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1420, 1418 (3d Cir.1997)) (quotation marks omitted).

III.

In its motion to dismiss, Toll Renewal relies on the certification of John McCullough. The certification authenticates two integral documents and alleges several facts. (Cert. of John McCullough, ECF No. 201-3.) The two documents are:

- Second Amended and Restated Limited Liability Company Agreement of Toll JM EB, LLC dated May 6, 2013 (Ex. A); and

- Limited Liability Company Operating Agreement of Toll JM EB Residential Urban Renewal LLC dated May 20, 2013 (Ex. B).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). An exception to this general rule is that a "document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *Id.* (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1224 (1st Cir.1996)) (quotation marks omitted).

Here, the documents authenticated by McCullough are integral to the allegations in the counterclaim. The Court may consider such documents when referenced in the pleading. *See Sentinel Trust Co. v. Universal Bonding Ins. Co*, 316 F.3d 213, 216 (3d Cir. 2003); Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1357 at 299 (3d ed. 2014). These documents are critical because they establish that each member of Toll Renewal has one representative who has decision making authority.  Since there are only two members, all major decisions require unanimous approval of the members. (*See* Moving Br. at 12, ECF No. 201-1.)

In addition to authenticating the above documents, McCullough adds two facts. Those facts are that the Notice of Termination was served on Tocci Residential on March 2, 2016, and that McCullough participated in the decision to terminate Tocci Residential. (Cert. of John McCullough ¶¶ 7-8.)

A motion to dismiss analyzes a counterclaim to determine if it sets forth sufficient facts to state a claim. Within such a motion, the Court does not assess the credibility of the facts. Its goal is to assess whether the counterclaim sets forth a claim. In the McCullough certification, he sets forth facts that he wishes the Court to accept on a motion to dismiss. Here, it is inappropriate to incorporate and consider McCullough's alleged facts because they do not fall within any exception to the general rule that a court may not consider facts outside the pleadings. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426; *see also* Fed. R. Civ. P. 7(a). As such, the documents proffered in the certification are integral to the motion; but McCullough's factual assertions are not subject to review because they are extraneous to the pleadings.

IV.

The elements of fraud in the inducement are (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person relied on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages. *See Gennaro v. Weichert Co. Realtors*, 148 N.J. 582, 610, 691 A 2d 350, 367 (1997). Similarly, under New Jersey law, "[a] cause of action for negligent misrepresentation may exist when a party negligently provides false information." *Argenbright v. Rehem Mfg. Co.*, 201 F. Supp. 3d 578, 603-04 (D.N.J. 2016) (quoting *Kaur v. Feldman*, 119 N.J. 135, 574 A. 2d 420, 425 (1990) (quotation marks omitted). "To prevail on a negligent

misrepresentation claim, a plaintiff must prove that the defendant negligently made an incorrect statement upon which the plaintiff justifiably relied." *Id*.

From reviewing the counterclaim, it alleges sufficient facts to satisfy the elements of fraud in the inducement and negligent misrepresentation. Under the cause of action for fraud in the inducement, the counterclaim alleged (1) that McCullough misrepresented to Tocci the extent of Morris' control, and how Toll would control Morris' actions. (Tocci Countercl. ¶¶ 195, 200 and 215); (2) McCullough knew his statements were false (*Id.* ¶¶ 272, 275); (3) John Tocci, on behalf of Tocci Residential, relied on McCullough's statements (*Id.* ¶¶ 206); (4) that reliance was reasonable and (5) damages resulted. Similarly, negligent misrepresentation is also established except carelessness rather than intentional conduct must be shown. (*Id.* ¶¶ 195, 195, 200 and 205.)

Moreover, as noted above, fraud in the inducement must be pled with specificity of the circumstances in order to demonstrate the fraudulent conduct. Fed. R. Civ. P. 9(b). Here, the allegations satisfy that requirement. For example, the allegations in the counterclaim state the timeframe of McCullough's misrepresentations, and the assurances of McCullough upon which Tocci relied. (*Id*. ¶¶ 198-200). In short, Counts V and VI of the counterclaim set forth causes of action with particular facts surrounding the misrepresentations.

## ORDER

This matter having come before the Court on Toll JM EB Residential Urban Renewal LLC, Toll Brothers, Inc., and its employee, John McCullough's motion to dismiss Counts V and VI of the counterclaim of Tocci Residential, LLC (ECF No. 201), and the Court having reviewed the briefs and submissions of the parties, and having heard oral argument; and for good cause having been shown;

IT IS on this 23rd of February, 2021

ORDERED that the Motion to Dismiss (ECF No. 201) is DENIED.

> <u>*s/Peter G. Sheridan*</u>
> PETER G. SHERIDAN, U.S.D.J.