UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOLL JM EB RESIDENTIAL URBAN RENEWAL LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>TOCCI RESIDENTIAL, LLC et al.,<br><br>*Defendants*.<br><br>TOCCI RESIDENTIAL, LLC,<br><br>*Third-Party Plaintiff*,<br><br>v.<br><br>C&S FOUNDATIONS, INC. et al.,<br><br>*Third-Party Defendants*. | Civil Action No.<br>3:16-cv-05422-PSG-TJB<br><br>**MEMORANDUM AND ORDER GRANTING MOTION TO BIFURCATE OR SEVER AND STAY (ECF NO. 267) AND MOTIONS TO JOIN<br>(ECF NOS. 270 AND 279)** |

  This matter is before the Court on the Motion to Bifurcate or Sever and Stay Claims by Third-Party Defendant/Fourth-Party Plaintiff C&S Foundations, Inc. ("C&S") and Third-Party Defendant/Fourth-Party Plaintiff MetroCorp Plumbing, Inc. ("MetroCorp," together with C&S, "Movants"). (ECF No. 267). More specifically, Movants seek to bifurcate or sever and stay all discovery and proceedings concerning the claim asserted against, by and among the Third- and

1

Fourth- Party Defendants (the "Secondary Claims") from the claims asserted against, by and between Plaintiff/Counterclaim Defendant Toll JM EB Residential Urban Renewal LLC, Counterclaim Defendant Toll Brothers, Inc., Counterclaim Defendant John A. McCullough, Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Tocci Residential LLC, Defendant Tocci Building Corporations and Defendant John L. Tocci, Sr. (the "First-Party Claims.").

The Court grants the seven applications to join the Motion to Bifurcate or Sever and Stay. Those parties are:

(1) Fourth-Party Defendant French & Parrello Associates (ECF No. 269);

(2) Third-Party Defendant P&B Partitions, Inc. (ECF No. 270);

(3) Third-Party Defendant Michael J. Wright Construction Co., Inc. (ECF No. 271);

(4) Third-Party Defendant F.M. Home Improvement, Inc. (ECF No. 272);

(5)  Fourth-Party Defendant Penn National Mutual Casualty Insurance Company (ECF No. 274);

(6) Third-Party Defendant Quick Response Fire Protection (ECF No. 275); and

(7) Fourth-Party Defendant Employers Insurance Co. of Wausau (ECF No. 279).

Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Tocci Residential LLC ("Tocci Residential") filed an opposition (ECF No. 277), which Toll JM EB Residential Urban Renewal LLC, Toll Brothers, Inc. and John A. McCullough ("the

2

Toll Parties") seek to join. (ECF No. 278). The Toll Parties' application to join the opposition is granted.

## I.

The Court presumes a familiarity with the nature and history of this litigation. The facts pertinent to the pending motion are recited herein. In broad terms, this action arises out of Tocci Residential's alleged mismanagement of the construction of a 400-unit luxury apartment complex in East Brunswick, New Jersey (the "Project"). Toll JM EB Residential Urban Renewal LLC ("Toll") and Tocci Residential entered into a Construction Management Agreement (the "CM Agreement") pursuant to which Toll retained Tocci Residential as its construction manager for the Project. The CM Agreement expressly required all work to be performed by "Trade Contractors" and prohibited Tocci Residential from providing "Self-performed Work in connection with the Project." (CM Agreement Paragraph 2.6). As such, Tocci Residential entered into subcontracts with various sub-contractors.

Early on, there were various delays and problems the Project, which Toll attributed to Tocci Residential's mismanagement. The relationship between Toll and Tocci Residential quickly soured. Eventually, Toll ceased paying fees to Tocci Residential. On February 5, 2016, Toll issued a Notice of Default to Tocci

Residential, and, on March 2, 2016, Toll terminated Tocci Residential as its Construction Manager. Thereafter, Toll hired a new construction manager.

On July 21, 2016, Toll filed suit against the Tocci Parties in the Superior Court of New Jersey alleging, *inter alia*, breach of the CM Agreement and breach of the implied covenant of good faith and fair dealing. Toll also sought a declaratory judgment that Toll lawfully terminated Tocci Residential under the CM Agreement.

The Tocci Parties removed the action to federal court and asserted various counterclaims, including wrongful termination of Tocci Residential, breach of the implied covenant of good faith and fair dealing, violation of the New Jersey Prompt Payment Act, fraud in the inducement and negligent misrepresentation. In addition, the Tocci Parties filed a third-party complaint against nine subcontractors, including Movants, asserting contractual, common law indemnity and statutory contribution claims. (ECF No. 17). MetroCorp asserted counterclaims against Toll and Tocci Residential, along with crossclaims against certain other Third-Party Defendants. (ECF Nos. 25, 68). C&S filed a fourth-party complaint against its insurance companies. (ECF No. 87).

On May 22, 2020, the Toll Parties filed an amended complaint therein asserting additional counts for veil piercing and fraud in the inducement. (ECF No. 178). The Tocci Parties' answered and asserted counterclaims for fraud in the

inducement and negligent misrepresentation. (ECF No. 197). The Toll Parties have not asserted any claims against any of the third- and fourth-party defendants.

To date, the parties have engaged in extensive discovery. More than thirty depositions have been taken by the Toll and Tocci Parties, and more than one million pages of documents have been exchanged between the parties. (ECF No. 267-2, Freijomil Cert. ¶ 19). Although Tocci Residential provided the Third-Party Defendants with an allocation of damages pertaining to all nonconforming work items, Movants contend that the allocation did not identify the basis for those damages; and despite making discovery demands upon the Tocci Parties, an allocation identifying damages associated with the Project's delays has not been provided. (Moving Br. at 7-8).

On October 11, 2022, the Court granted the subcontractor defendants leave to file a formal motion for bifurcation. (ECF No. 265). The instant motion followed. While the Tocci Parties have produced a preliminary allocation of damages broken down by the allegedly responsible third- and fourth- party defendants based on nonconforming work, they have not provided an allocation of delay damages, which makes up the majority of the damages claim, as they pertain to each third- and fourth-party defendant[1]. (ECF No. 277 at 19; Freijomil Cert. ¶ 8, Ex. 7).

---

[1] After reviewing the proposed verdict forms submitted by the parties, bifurcation is the best method to avoid jury confusion. ECF No. 288, 289, 290.

5

## II.

Movants seek to bifurcate or sever the Secondary Claims from the First-Party Claims under Federal Rules Civil Procedural 21 and 42(b). Severance of claims is provided under Rule 21, which states "[t]he court may . . . sever any claim against a party." Claims are appropriately severed where they are "discrete and separate in that one claim is capable of resolution despite the outcome of the other claim." *Turner Constr. v. Brian Trematore Plumbing & Heating, Inc.*, No. 07-666 (WHW), 2009 WL 3233533, at *3 (D.N.J. Oct. 5, 2009) (internal quotation marks and citation omitted). Furthermore, a claim may be severed "to prevent prejudice or promote judicial efficiency." *Id.* (internal quotation marks and citation omitted). When claims are severed under Rule 21 they "become independent actions with separate judgments entered in each." *White v. ABCO Eng'g Corp.*, 199 F.3d 140, 145 n.6 (3d Cir. 1999).

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Bifurcation "is appropriate where claims are factually intertwined, such that a separate trial may be appropriate, but final resolution of one claim affects the resolution of the other." *Est. of Grieco by Grieco v. Nat'l Med. Consultants, P.C.*, No. 16-CV-01959-MCA-ESK, 2021 WL 1248533, at *5 (D.N.J. Apr. 5, 2021)

(internal quotation marks and citation omitted). "The party seeking bifurcation has the burden of demonstrating that judicial economy would be promoted and that no party would be prejudiced by separate trials." *Princeton Biochem., Inc. v. Beckman Instruments, Inc.,* 180 F.R.D. 254, 256 (D.N.J. 1997); *see Rodin Properties–Shore Mall, N.V. v. Cushman & Wakefield, Inc.,* 49 F.Supp.2d 709, 721 (D.N.J. 1999).

Courts weigh the same four factors in deciding a motion to sever under Rule 21 and a motion to bifurcate under Rule 42(b). *See Twin City Fire Ins. Co. v. Ovation Fund Servs., LLC*, No. CV 18-14944 (SRC), 2019 WL 1275060, at *2–3 (D.N.J. Mar. 20, 2019). Those factors are:

> (1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted, and (4) whether the party requesting severance will be prejudiced if it is not granted.

*Id.* "No one factor is determinative, and a court must consider the overall equities of a case in ruling on a motion to sever or bifurcate." *Estate of Grieco*, 2021 WL 1248533, at *5 (internal quotation marks and citation omitted).

The decision to sever claims or bifurcate the trial is "committed to the sound discretion of the district court." *Turner Const.*, WL 3233533, at *3 (quoting *Crowley v. Chait,* No. 85–cv–2441, 2006 U.S. Dist. LEXIS 8894, at *22, 2006 WL 561919 (D.N.J. Mar. 7, 2006)). This is so because the "court has inherent power to

7

'control the disposition of cases on its docket with economy of time and effort for itself, for counsel and for litigants.'" *United States v. Kramer*, 770 F.Supp. 954, 957 (D.N.J. 1991) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)).

### III.

The Court begins its analysis by addressing each factor in deciding whether bifurcation or severance should be granted. The first factor considers "whether the issues sought to be tried separately are significantly different from one another." The First-Party Claims involve Tocci Residential's alleged misrepresentation and mismanagement of the Project, delay damages stemming therefrom, and Toll's nonpayment of fees to Tocci Residential. In addition, the Toll Parties asserted veil piercing and fraud claims against Tocci in their amended complaint. The Secondary Claims assert liability based on contractual, indemnification and contribution obligations in the event that the Tocci Parties are found liable to the Toll Parties. Movants argue that the First-Party Claims must first be litigated between the Toll and Tocci Parties first because the Secondary Claims are not ripe at this time and may never become ripe. (ECF No. 267, Moving Br. at 5). The Court agrees with Movants. While the contractual, indemnification and contribution claims against the third- and fourth- party defendants derive from and relate to the claims by and between the Toll Parties and the Tocci Parties, they are

8

materially different. The First-Party Claims concern the contractual relationship between the Toll and Tocci Parties and damages resulting from alleged failures, misrepresentations and fraud. The Secondary Claims concern the third- and fourth-party defendants' obligations to the Tocci Parties under contract and indemnity or contribution obligations. Thus, the Secondary Claims cannot be reached until the First-Party Claims are first resolved, and they may not be reached at all if the Tocci Parties are absolved of liability. As such, the first factor favors bifurcation or severance.

Next, the Court addresses whether the separable issues require testimony of different witnesses and different documentary proof. In defending the claims against them, the Tocci Parties argues that in order to disprove its liability it requires evidence and testimony from third- and fourth- party defendants regarding their responsibility for the delays, faulty installation and nonconforming workmanship in connection with the Project. (ECF No. 277, Opp. Br. at 20). Some overlap in evidence would be expected if the case were bifurcated or the claims severed. The Tocci Parties' main defense strategy rests upon the assertion that Toll Parties are liable. In this respect, there would be less or no overlap in evidence. To the extent that the Tocci Parties deflect liability to the third- and fourth-party defendants, there is a greater likelihood of duplicative proofs. Thus, this factor does not support bifurcation or severance.

Moving to the third and fourth factors, the Court considers prejudice to the parties. The Tocci Parties argues that it will suffer prejudice because there would be a possibility of "inconsistent and irreconcilable results." (Opp. Br. at 20-21). Though the Toll Parties join the Tocci Parties' motion, they assert no claims against any third or fourth party defendant, and therefore, the Court finds that they will not be prejudiced in the event of bifurcation of severance. As to the Tocci Parties, even in the event that the liability is found by the Tocci Parties, bifurcation or severance of claims would not eviscerate their rights and remedies under any contractual, indemnity or contribution obligations owed by the third and fourth party defendants.

Rather, resolution of the First-Party Claims will expediate the case, reduce the issues to be litigated and simplify matters for a potential jury. Indeed, the proposed verdict forms submitted by the parties demonstrate the risk of confusing the jury if the claims were not bifurcated or severed. The third- and fourth-party defendants – some which have low stakes in the matter – have been on the sidelines in this long, protracted litigation, which remains in the discovery stage between the Toll and Tocci Partied, and dispositive motion practice does not appear reasonably imminent. They have been forced to expend time, money and resources on claims that "may never come to fruition." (ECF No. 281, Reply Br. at 1, 13). In total, the factors weigh in favor of bifurcating or severing the case.

Accordingly, Court will grant the motion (ECF No. 267) and bifurcate the case into two separate trials.

### IV.

Finally, the Court considers whether a stay of proceedings with respect to the Secondary Claims is appropriate. Movants argue a stay should be issued until and unless liability is established by Tocci Residential to Toll. (Moving Br. at 22). Tocci Residential opposes a stay on the ground that the Movants are directly implicated because the Movants were involved in the work that forms the basis of the First-Party Claims.

"The power to stay proceedings is incidental to the power inherent in every court to schedule disposition of the cases on its docket so as to promote fair and efficient adjudication." *Gold v. Johns–Manville Sales Corp.*, 723 F.2d 1068, 1077 (3rd Cir.1983). "The party seeking a stay must demonstrate a 'clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to some one [sic] else.'" *Gerald Chamales Corp. v. Oki Data Americas, Inc.,* 247 F.R.D. 453, 456 (D.N.J. 2007) (citation omitted). In deciding whether a stay is warranted, courts weigh the following factors:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a

Accordingly, Court will grant the motion (ECF No. 267) and bifurcate the case into two separate trials.

### IV.

Finally, the Court considers whether a stay of proceedings with respect to the Secondary Claims is appropriate. Movants argue a stay should be issued until and unless liability is established by Tocci Residential to Toll. (Moving Br. at 22). Tocci Residential opposes a stay on the ground that the Movants are directly implicated because the Movants were involved in the work that forms the basis of the First-Party Claims.

"The power to stay proceedings is incidental to the power inherent in every court to schedule disposition of the cases on its docket so as to promote fair and efficient adjudication." *Gold v. Johns–Manville Sales Corp.*, 723 F.2d 1068, 1077 (3rd Cir.1983). "The party seeking a stay must demonstrate a 'clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to some one [sic] else.'" *Gerald Chamales Corp. v. Oki Data Americas, Inc.,* 247 F.R.D. 453, 456 (D.N.J. 2007) (citation omitted). In deciding whether a stay is warranted, courts weigh the following factors:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a

>stay would simplify the issues and the trial of the case;
>and (4) whether discovery is complete and/or a trial date
>has been set.

*Nussbaum v. Diversified Consultants, Inc.*, No. CIV. 15-600, 2015 WL 5707147, at *2 (D.N.J. Sept. 28, 2015) (quoting *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014)). Staying a civil proceeding "is an extraordinary remedy," however, courts have discretion to do so in the interests of justice. *See Riverview Towers Apartment Corp. v. QBE Ins. Corp.*, No. CIV. 14-6744 JBS/JS, 2015 WL 1886007, at *3 (D.N.J. Apr. 17, 2015) (citation omitted).

The balance of factors weighs in favor of a stay. Given the long and protracted history of this litigation, a stay of the Secondary Claims at this juncture would allow this litigation to proceed in a more streamlined fashion with focus solely on claims between the Toll and Tocci Parties. Moreover, the third- and fourth-party defendants' participation in this case to date has been at great expense and time. While considerable discovery has been undertaken between the Toll and Tocci parties, it remains incomplete with many third- and fourth parties absent from depositions. The Tocci Parties have not provided the third- and fourth-party defendants with an allocation of delay damages, which expectedly has forestalled settlement. Further, it does not appear that such an allocation is forthcoming as the Tocci Parties have maintained "Because it is not Tocci Residential's position that it is responsible for any of the delays to the Project, Tocci Residential did not prepare

12

an analysis as to which of Tocci Residential's subcontractors were responsible for delays on the Project." (ECF No. 277-1, Erlanger Cert. ¶ 15).

Overall, it is clear that further involvement herein would result in continued hardship and inequity as the claims against by and between the third-and fourth-party defendants are not ripe at the present time. *See Akishev*, 23 F. Supp. at 448. For all these reasons, a stay will be granted as to the claims against, by and between the third- and fourth- party defendants.

## **ORDER**

**WHEREAS** this matter having come before the Court on the Motion to Bifurcate or Sever and Stay filed by Third-Party Defendants/Fourth-Party Plaintiffs C&S Foundations, Inc. and MetroCorp Plumbing, Inc. (ECF No. 267); and

**WHEREAS** the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

**IT IS** on this 16th day of May, 2023,

**ORDERED** that C&S Foundations, Inc. and MetroCorp Plumbing, Inc.'s Motion to Bifurcate or Sever and Stay (ECF No. 267) is **GRANTED**; and it is further

**ORDERED** that the motions and letter applications to join the Motion to Bifurcate or Sever and Stay (ECF No. 267) by Fourth-Party Defendant French &

Parrello Associates (ECF No. 269), Third-Party Defendant P&B Partitions, Inc. (ECF No. 270), Third-Party Defendant Michael J. Wright Construction Co., Inc. (ECF No. 271), Third-Party Defendant F.M. Home Improvement, Inc., (ECF No. 272), Fourth-Party Defendant Penn National Mutual Casualty Insurance Company (ECF No. 274), Third-Party Defendant Quick Response Fire Protection (ECF No. 275) and Fourth-Party Defendant Employers Insurance Co. of Wausau (ECF No. 279) are **GRANTED**; and it is further

**ORDERED** that matter involving the third- and fourth- party defendants are stayed pending resolution of the claims by and between Toll JM EB Residential Urban Renewal LLC, Toll Brothers, Inc., John A. McCullough, Tocci Residential LLC, Tocci Building Corporations and John L. Tocci, Sr. or until further ordered by the Court.

s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.